UNITED STATES of America,
Appellee,

v.

Julio C. PEREZ, Jamie Ortiz, Jose Lopez, Jose Alejandro, Jose Richards, Luis Antonio Huertas, Elvin Burgos, Johnny Hernandez, Juansosa, Fernando Sanchez, Antonio Lopez, Pedro Cruz, Carmen Quinones, Damien Hurlburt, Patrick Rosenweig, Luis Diaz, a.k.a. "Wiche," a.k.a. "Cheche," Mario Larrondo, Defendants,

Angel Garcia, a.k.a. "Erick,"
Defendant–Appellant.

No. 02–1193.

United States Court of Appeals,
Second Circuit.

April 25, 2003.

---

Everardo A. Rodriguez, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Rochester, NY, for Appellee.

Matthew Lembke, Cerulli Massare & Lembke, Rochester, NY, for Defendant–Appellant.

PRESENT: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 25th of April, two thousand and three. UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

This is an appeal of a sentencing decision. Defendant–Appellant Angel Garcia was convicted of one count of using "a telephone [in] committing, causing and facilitating ... the distribution and possession with intent to distribute of heroin ...," the distribution and possession with intent to distribute of cocaine ..., the distribution and possession with intent to distribute of cocaine base ..., and conspiracy to do so," in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Yet he was acquitted of the two "underlying" counts (conspiring to distribute heroin, cocaine, and cocaine base; and distribution of heroin), on which the "telephone" count would seem to depend.[1] The district court found, however, by a "preponderance of the evidence," that Garcia was a member of the charged conspiracy, and that 22 grams of crack cocaine that a co-conspirator prepared for Garcia were "relevant conduct" for sentencing purposes, pursuant to U.S.S.G. § 1B1.3(a). The resulting offense level was 28, which corresponds to a guidelines-range sentence of 140–175 months, well in excess of the statutory maximum of 48 months on the count of conviction. Accordingly, Garcia was sentenced to 48 months' imprisonment.

On appeal, Garcia argues that the "underlying offense" for the telephone charge was a one-time sale of .28 grams of heroin (which appears to have been arranged during the two telephone calls identified in the indictment), and that the preparation of 22 grams of crack was not "relevant conduct" to the offense of using a telephone to arrange the sale of .28 grams of heroin. He further contends that there was an inadequate evidentiary basis for linking him to the 22 grams of crack, given that this finding depended entirely on the uncorroborated testimony of a co-defendant-turned-cooperating-witness.

We need not decide whether the district court erred in determining that the "underlying offense" was membership in the

1. The Supreme Court has held that such an inconsistency within the verdict does not render the conviction unconstitutional. *See United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (upholding conviction for use of a telephone in furtherance of a drug conspiracy, notwithstanding the jury's finding that the defendant was not guilty of participating in the conspiracy).

charged conspiracy, rather than a single sale of heroin, because in either case procuring 22 grams of cocaine base constitutes "relevant conduct" for sentencing purposes, and, hence, the resulting guidelines range is the same. *See* U.S.S.G. § 2D1.1 (setting common base offense levels for unlawful manufacturing, importing, exporting, trafficking, attempt, and conspiracy, based on the amount and type of narcotic involved).

The base offense level for using a telephone to arrange drug sales in violation 21 U.S.C. § 843(b) is "the offense level applicable to the underlying offense." *See* U.S.S.G. § 2D1.6. According to the guidelines, the offense level applicable to a single count of selling heroin should reflect other narcotics activities that are part of the same "course of conduct" as the charged offense. *See* U.S.S.G. § 1B1.3(a)(2); *United States v. Burnett,* 968 F.2d 278 (2d Cir.1992). This "course of conduct" inquiry focuses on whether the "defendant has engaged in an identifiable 'behavior pattern' of specified criminal activity." *Burnett,* 968 F.2d at 280.

In *Burnett,* the defendant pled guilty to one count of possessing, with intent to distribute, marijuana, based on a single purchase of a 22–pound bale of marijuana. *Id.* at 279. In calculating Burnett's base offense level, the district judge included 3 kilograms of cocaine that a government witness claimed to have sold to Burnett in two transactions some months before the marijuana deal. *Id.* Burnett objected (a) that there was an insufficient factual basis for attributing the cocaine to him, given that the sole "evidence" was testimony from a doubtful government witness, and (b) that the cocaine transactions were not "relevant conduct" within the meaning of the guidelines. *Id.* at 279–80. We disagreed.

As to the first point, we deferred to the district court's judgment that the witness was credible and the defendant was not. *Id.* at 280. Likewise, in the case before us, we must defer to the district court's credibility finding regarding the cooperating witness who testified that he prepared 22 grams of crack at Garcia's behest.

Regarding "relevant conduct," *Burnett* concluded that the defendant's "participation in two narcotics transactions during the same year as the offense of conviction [had] sufficient similarity and temporal proximity to the marijuana offense to constitute ... a pattern of behavior." *Id.* at 280. In the instant case, the link is even closer, as the crack preparation took place "between March and May of 2000," and the heroin sale on March 7, 2000. Moreover, much additional evidence adduced at trial supports the inference that Garcia frequently dealt narcotics (though it is less clear that he belonged to the charged conspiracy). Garcia's procurement of 22 grams of crack could manifestly be viewed as part of the same "course of conduct" as his alleged distribution of heroin on March 7, 2000.

Assuming for the sake of argument (1) that such a "course of conduct" finding would be merely permissible, rather than necessary, and (2) that the heroin sale was the true "underlying offense" for the telephone count, there still would be no reason to remand this case for resentencing. It is abundantly clear from the sentencing transcript that the court deemed it appropriate to sentence on the basis of the 22 grams of crack regardless of whether the underlying offense was determined to be the conspiracy or the heroin sale.

Accordingly, the sentence imposed by the district court is AFFIRMED.